UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>STATE OF WASHINGTON, et al.,<br><br>    Defendants. | CASE NO. CV 9213<br><br>Subproceeding No. 05-01<br><br>ORDER ON MOTION FOR A PROTECTIVE ORDER |

    This matter is before the Court for consideration of a motion for a protective order filed by the Port Gamble and Jamestown S'Klallam Tribes ("S'Klallam"). For the reasons which follow, this motion shall be granted, but only in part.

    The moving Tribes' motion asks that discovery not be had with respect to two Requests for Production ("RP") presented by the Skokomish Tribe. RP No. 16 requests all documents of the Point No Point Treaty Council ("Council") from 1974 through 2003, during which time the Skokomish Tribe was a member of that Council. RP No. 17 requests all documents, including tribal meeting minutes, relating to the Skokomish Tribe and/or the Hood Canal crab and geoduck fishery since 1974. The S'Klallam contend that these requests are improper because they are not written so as to seek relevant information, and the time duration is overbroad. The Skokomish Tribe asserts in response that the two S'Klallam Tribes cannot assert the rights of the Point No Point Treaty Council, a non-party to this action. The Skokomish Tribe also argues that many of the documents within the requested production are directly

ORDER ON MOTION FOR A PROTECTIVE
ORDER - 1

relevant to the matter at issue in this subproceeding, namely the Hood Canal Agreement. The Skokomish Tribe is a former member of the Council, but has not been allowed access to the historical documents, which are in the possession of the Port Gamble and Jamestown S'Klallam Tribes.

The Court agrees in part with the moving Tribes that the two requests are overbroad, in that they seek documents dating back to 1974, while the Hood Canal Agreement was not formed until 1982-83. On the other hand, many of the Council documents now in the possession of the two S'Klallam Tribes may well be relevant to the formation and construction of that Agreement. It is the actual relevance of the requested documents which should be the focus of the inquiry, not their characterization as party or non-party documents. Although the moving Tribes claim that the Point No Point Treaty Council documents are their "property", the Skokomish Tribe has limited its request to that time period when it too was a member of the Council. The arguments before the Court do not adequately address why, at a minimum, they should not be allowed access to the documents for inspection purposes.

As to RP No. 17, the Court finds that the request is also overly broad, but that blanket assertion is not sufficient to justify protection of all possible documents within that production, many of which may well be relevant.

The Court notes that the Skokomish Tribe has now filed a Motion to Compel, part of which addresses these same two Requests for Production. Having found that it is the relevance of the documents which should be considered, the Court now rules that the S'Klallam Tribes need not respond to RP's No. 16 and 17 until the Court has ruled on the motion to compel, and determined which documents therein are relevant and must be produced. Accordingly, the motion for a protective order (Dkt. # 112) is GRANTED IN PART and DENIED IN PART.

DATED this ___3rd___ day of __June__, 2005.

     s/ Ricardo S. Martinez
     RICARDO S. MARTINEZ
     United States District Judge

ORDER ON MOTION FOR A PROTECTIVE ORDER - 2