UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>STATE OF WASHINGTON, et al.,<br><br>Defendants. | CASE NO. CV 9213<br><br>Subproceeding No. 05-01<br><br>ORDER ON MOTION TO COMPEL |

This matter is before the Court for consideration of a motion to compel filed by the Skokomish Indian Tribe ("Skokomish"). The Skokomish also ask that the Court extend the discovery period and continue the deadline for dispositive motions. The Port Gamble and Jamestown S'Klallam Tribes ("S'Klallam") have opposed this motion in all respects. For the reasons which follow, this motion shall be granted in part and denied in part.

DISCUSSION

(1) <u>Interrogatories No. 5, 7, and 8</u>.

First, the Skokomish ask the Court to compel the S'Klallam Tribes to fully answer interrogatories No. 5, 7, and 8. Interrogatory No. 5 asks the S'Klallam Tribes to explain

> all facts underlying your contention that the Hood Canal Agreement is violated whenever a tribe that is a party to [the Agreement] conducts a fishery in the absence of prior "consent" from the other parties to [the Agreement].

Dkt. # 136, Exhibit 1. The Skokomish assert that the answer, namely that "[t]here is a single Treaty

ORDER ON MOTION TO COMPEL- 1

share for each commercially viable fish and shellfish species within Hood Canal" is incomplete and evasive. The Court disagrees. Other than the definition of the term "consent," which is covered in a separate interrogatory, further amplification of this answer would go into the area of legal conclusions, not facts. Thus, the motion to compel is DENIED as to Interrogatory No. 5.

Interrogatory No. 7 asks the respondent to define the term "against " as it is used in Paragraph 7(B) of the Hood Canal Agreement. The Court finds the answer, namely that the word is given its ordinary dictionary meaning, is adequate and not hypertechnical. Neither is the response to Interrogatory No. 8, asking for the meaning of the word "consent" as it is used in the same paragraph, evasive or hypertechnical. The motion to compel is therefore DENIED as to these two interrogatories.

(2) <u>Requests for Production Nos. 4, 6, and 7</u>.

These requests for production relate to the corresponding interrogatories addressed above. The motion to compel the production of documents in these areas is DENIED.

(3) <u>Request for Production No. 16 (RP 16)</u>.

RP 16 requests all documents of the Point No Point Treaty Council ("Council") from 1974 through 2003, during which time the Skokomish Tribe was a member of that Council. The Court, in ruling on a motion for a protective order as to these documents, found that the request was overbroad, in that it sought documents dating back to 1974, while the Hood Canal Agreement was not formed until 1982-83. However, the Court also noted that many of the Council documents now in the possession of the two S'Klallam Tribes may well be relevant to the formation, construction and implementation of that Agreement. Council documents which fall in those categories would date from 1982 onward to 2003, and would include management plans and communications (letters and e-mails) related to management plans, and any documents that directly refer to the Hood Canal Agreement. As to those documents, the motion to compel is GRANTED. Copies of any documents in these categories which have not already been provided shall be provided on or before July 8, 2005.

(4) <u>Request for Production No. 17 (RP 17)</u>.

RP No. 17 requests all documents, including S'Klallam tribal meeting minutes, relating to the Skokomish Tribe and/or the Hood Canal crab and geoduck fishery since 1974. The S'Klallam contend

ORDER ON MOTION TO COMPEL- 2

that this request is also overbroad, and not calculated to produce relevant information. In the earlier Order on the motion for a protective order, the Court found that RP 17 was overly broad, but that blanket assertion was not sufficient to justify protection of all possible documents within that production. The Court finds that relevant documents would include any non-privileged tribal meeting minutes which mention or refer to the Hood Canal agreement, during the time from 1982 to 2003. As to these documents, the motion to compel is GRANTED. The same July 8 date shall apply to the production of these documents.

## CONCLUSION

As set forth above, the Motion to Compel (Dkt. # 136) is GRANTED IN PART and DENIED IN PART. The discovery deadline shall be extended to July 8, 2005 to allow for the production of documents as ordered herein. The Court declines to award costs under F.R.Civ. Proc. 37(a)(4). As stated in the accompanying Minute Order, the trial date has been continued to an indefinite date, and the Court will hear oral argument on cross-motions for summary judgment on Wednesday, July 13, 2005.

Dated this 28 day of June 2005.

/s/ Ricardo S. Martinez
United States District Judge

ORDER ON MOTION TO COMPEL- 3