UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, et al.,<br><br>　　　　　Plaintiffs,<br><br>　　　v.<br><br>STATE OF WASHINGTON, et al.,<br><br>　　　　　Defendants. | CASE NO. 70-9213<br><br>Subproceeding 05-01<br><br>ORDER ON MOTION FOR<br>　RECONSIDERATION |

The Skokomish Indian Tribe ("Skokomish") has moved for reconsideration of the Court's July 20, 2005 Order on the parties' cross-motions for summary judgment on all claims.  Such motions are disfavored and will be denied in the absence of "a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier. . . ." Local Rule CR 7(h)(1).  The Court finds that the Skokomish motion has failed to meet this standard, except in one area as set forth below.

First, the Skokomish assert that the Court overlooked catch data which showed that they did not regulate S'Klallam fishing, because the S'Klallam actually caught more crab and geoduck than did the Skokomish. "In light of this catch data, it is inconceivable that the Skokomish letters amount to an 'exercise' of its 'primary right' 'against' the S'Klallams." Motion for Reconsideration, p. 4. This

ORDER ON MOTION FOR
RECONSIDERATION - 1

argument overlooks the language of the Hood Canal Agreement, in which the Skokomish agreed not to "exercise or **seek to exercise**" its primary right against the S'Klallam or other stipulating Tribes in Hood Canal north of Ayock Point. *United States v. Washington*, 626 F. Supp. 1405, 1469 (W.D.Wash. 1985) (emphasis added). It was the Court's ruling that the Skokomish **sought** to regulate other Tribes' fishing by issuing unilateral harvest plans and quotas for the other Tribes, and that such **attempt** to regulate constituted a violation of the Hood Canal Agreement. The actual amounts subsequently harvested are irrelevant to that determination.

Next, the Skokomish assert that the Court "misapprehended" the effect of letters written by the Skokomish Tribe to other Tribes, and argue that "it is manifestly improper for the Court to grant summary judgment by relying on evidentiary matters to which the Skokomish Tribe had no notice were at issue." Motion for Reconsideration, p. 8. The Skokomish by this argument refer to the Court's finding that these letters, with their accusations of bad faith, constituted an assertion of social disapproval. Social disapproval and magical retaliation were previously found by the Court, Judge Boldt presiding, to be the primary methods by which the Twana, as aboriginal predecessors of the Skokomish, regulated fishing by other Tribes in their own fishing grounds. *Id*. at 1491. There was no lack of notice on this issue; it was the Skokomish Tribe that itself put the tribal methods of fishing regulation at issue by contending that such regulation of other Tribes' fishing required an exercise of police powers, or the imposition of time, place or manner restrictions. In rejecting that argument, the Court referred back to Judge Boldt's earlier language to find that regulation could be accomplished by means other than physical force. Only if "the other deterrents proved inadequate" would the Twana have responded with physical force. *Id*. As to magical retaliation, it should have been clear that the Court was not serious in suggesting, in a footnote, that threats of litigation might be the modern-day equivalent. The Court finds no basis for reconsidering its ruling in this area.

The third argument put forth by the Skokomish is that the Court "Misapprehended the Requested Relief As Nothing in the Hood Canal Agreement . . . Supports a Declaration of an "In-Common" Fishing area." Motion for Reconsideration, p. 9. The Court did not "misapprehend" the relief requested by the

ORDER ON MOTION FOR
RECONSIDERATION - 2

S'Klallam Tribes; the Request for Determination clearly asked for a declaration that the area of Hood Canal north of Ayock Point be designated an "in-common" management area.  Request for Determination, p. 10.  Nor does the designation of the area as an "in-common" management area conflict with the language of the Hood Canal Agreement, which states that in this area "the Skokomish and the Klallam Bands may exercise their respective treaty fishing rights without any limitation or control whatsoever . . . except as the stipulating parties **may mutually agree by compact or otherwise**." *U.S. v. Washington*, 626 F. Supp. at 1469 (emphasis added).  However, the Court notes that the S'Klallam did not actually include this aspect of the Request for Determination in the motion for summary judgment.  *See*, Motion for Summary Judgment, Dkt. # 141; Proposed Order, Dkt. # 147.  That portion of the Order declaring the area north of Ayock Point an "in-common" management area shall therefore be stricken.

Finally, the Skokomish assert that "the Court Misapprehended the Language of the Hood Canal Agreement" by stating at page 7, lines 20-21 that "the Skokomish may not exercise [their] primary right against the S'Klallam."  It is the Skokomish position that this language, by omitting reference to the area north of Ayock Point, changes the meaning of the Hood Canal Agreement.  That is not so.  The omission of the limiting language "north of Ayock Point" did not write it out of the Hood Canal Agreement; that language was implicit in the Court's statement even though not expressly quoted.  Similarly, as to the Court's discussion of "consent", the Skokomish argue that the Court "has turned the Agreement on its head by shifting the authority to grant consent from the Skokomish Tribe to the Two S'Klallam Tribes." Motion for Reconsideration, p. 12.  That is not the case.  The Court's use of the word "consent" on page 6 was linked to previously-quoted language in the Hood Canal Agreement in which

> the Skokomish agreed that 'it will not, under any condition or for any reason whatsoever, exercise or seek to exercise its primary right on Hood Canal north of Ayock Point . . . against any of the other stipulating parties without its or their express consent.'

Order on Cross-Motions for Summary Judgment, p. 2, *quoting U.S. v. Washington*, 626 F. Supp. at 1469. Contrary to the Skokomish argument, this language clearly requires the consent of the S'Klallam Tribes before the Skokomish can exercise their primary right north of Ayock Rock.  By referring to this

ORDER ON MOTION FOR
RECONSIDERATION - 3

"consent", the Court did not, in the words of the Skokomish, turn the Hood Canal Agreement "on its head."

Plaintiff's motion for reconsideration is accordingly GRANTED IN PART and DENIED IN PART. The Court STRIKES that portion of the Order declaring "that the area north of Ayock Point is an 'in common' management area. . . ." Order on Cross-Motions for Summary Judgment, p. 8. The Court declines to further modify or reconsider the Order.

DATED this 21st day of October, 2005.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE

ORDER ON MOTION FOR
RECONSIDERATION - 4